**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GILBERTO VALENCIA-ONTIVEROS,**<br><br>    Petitioner,<br><br>        v.<br><br>**UNITED STATES OF AMERICA,**<br><br>    Respondent. | 1:09-cr-00216 OWW<br><br>ORDER DIRECTING RESPONDENT TO FILE OPPOSITION |

On February 23, 2011, Petitioner Gilberto Valencia-Ontiveros, proceeding *in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to Counts 1 (conspiracy to manufacture, distribute, and possess with the intent to distribute marijuana) and 5 (illegal alien in possession of a firearm and ammunition) of the Indictment on July 12, 2010.  Doc. 34.  Petitioner waived the right to directly or collaterally appeal his conviction, any sentence, the manner in which that sentence was determined, or the denial of any post-conviction motion to reduce his sentence. Doc. 33 (plea agreement) at 4.  Judgment and Commitment was entered on September 23, 2010, committing Petitioner to a total term of imprisonment of 120 months.  Doc. 37.

Petitioner now asserts that his guilty plea was involuntary because trial counsel failed to inform him that he might be eligible for the safety valve exception to the mandatory minimum

1

sentence imposed for Count 1.  Petitioner surrendered to law enforcement at a marijuana grow site within Sequoia National Park.  A .22 caliber rifle was found nearby.  Petitioner maintains that his counsel erroneously assumed he was ineligible for the safety valve because of the presence of the rifle at the grow site.  Petitioner argues that the safety valve is only precluded if he was in "active possession" of the firearm or that there is a "closer degree of connection" between the weapon and the crime, citing *United States v. Boothroyd*, 403 F. Supp. 2d 1011, 1017 (D. Or. 2005) (finding a rifle in the cabinet of an outbuilding adjacent to the entrance of a marijuana grow site was not dispositive of eligibility for the safety valve where the rifle was designed for distance shooting and petitioner never felt threatened in connection with this marijuana operation).

   Respondent is ordered to respond to Petitioner's motion within 45 days of the filing date of this Order.  Petitioner's reply, if any, shall be filed within 30 days thereafter.  All further proceedings shall be by order of the Court.


**IT IS SO ORDERED**

Dated:  <u>March 4, 2011</u>                    /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE