1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-F-09-00216-LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 38) |
| vs. | |
| GILBERTO ONTIVEROS-VALENCIA, | |
| Defendants. | |

_____/

**INTRODUCTION**

Defendant Gilberto Ontiveros-Valencia ("defendant") is a federal prisoner and proceeds pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This Court considered defendant's section 2255 motion on the record and denies defendant section 2255 relief.

**BACKGROUND**

***Facts***

On May 27, 2009, Sequoia National Park Rangers and other law enforcement officers found defendant hiding behind a rock in a marijuana garden that contained over 2,000 plants. The officers also found a .22 caliber rifle and ammunition nearby. Defendant admitted that he had been in the garden for two weeks and was responsible for taking care of part of the garden. The garden was located within Sequoia National Park. Defendant is a native of Mexico and entered and remained in the United States illegally.

1

*Indictment and Plea Agreement*

On June 11, 2009, a nine-count indictment was filed charging defendant with the following:

1.    Conspiracy to manufacture, distribute, and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A);

2.    Manufacturing marijuana and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2;

3.    Possession with intent to distribute marijuana and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2;

4.    Depredation of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2;

5.    Illegal alien in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2);

6.    Conspiracy to manufacture, distribute, and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A);

7.    Manufacturing marijuana and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2;

8.    Possession with intent to distribute marijuana and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2; and

9.    Depredation of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2.

On July 7, 2010, defendant entered into a plea agreement with the government. In the agreement, defendant promised to plead guilty to Counts One and Five of the indictment, which charged him with conspiracy to manufacture, distribute, and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and being an alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). He also agreed to:

> waive[] his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction proceeding, including but not limited to a motion brought under [18 U.S.C. § 3582] and [28 U.S.C. §§ 2241 or 2255].

(Plea agreement, p. 4). Defendant reserved "the right to argue for any and all applicable guideline

1  departures and variances and to argue for a reasonable sentence under *Booker*."  (Plea agreement, p. 6).

2  In the written agreement, defendant acknowledged that the appeal waiver was knowing.  (Plea

3  agreement, p. 4).  He also acknowledged that "no threats, promises or representations have been made,

4  nor agreement reached, other than those set forth in [the plea] [a]greement, to induce the defendant to

5  plead guilty."  (Plea agreement, p. 12).

6  The government agreed to recommend a three-level reduction for acceptance of responsibility

7  under U.S.S.G. § 3E1.1 and to recommend a sentence at the bottom of the applicable Guidelines' range

8  or the mandatory minimum, whichever was greater.  (Plea agreement, p. 7).

9  ***Plea Hearing***

10  On July 12, 2010, defendant pled guilty to Counts One and Five of the indictment.  (Plea hearing

11  transcript, p. 16).  Defendant was assisted by a Spanish interpreter.  (Plea hearing transcript, p. 1).

12  Defendant stated that he was satisfied with the legal advice, counsel, and representation provided by his

13  lawyer.  (Plea hearing transcript, p. 3).  Defendant acknowledged signing the plea agreement after it was

14  translated into Spanish for him.  (Plea hearing transcript, p. 3).  With regard to the post-conviction

15  collateral attack waiver, the following exchange occurred between the Court and defendant:

16  | Court: | You've been advised, I want to confirm you understand that you |
17  | | have rights of review, including by direct appeal from this Court |
   | | to a higher court, by collateral attack filing a case after you're |
18  | | convicted in this Court or another court.  You're giving up all |
   | | rights of review of any kind or nature to your prosecution, plea, |
   | | conviction and sentence in this case.  Do you understand? |
19  | Defendant: | Yes. |

20  (Plea hearing transcript, p. 6).  The Court also acknowledged that defendant reserved the right to argue

21  for any and all applicable guideline departures and variances.  (Plea hearing transcript, p. 8).

22  Defendant acknowledged that he was not promised anything that wasn't in the written plea

23  agreement and he was not threatened or pressured to change his plea.  (Plea hearing transcript, p. 9).

24  Defendant further acknowledged that he was pleading guilty because "in truth and fact the elements of

25  the crime [could] be established against [him] beyond a reasonable doubt[.]"  (Plea hearing transcript,

26  p. 9).

27  ***Sentencing Hearing***

28  On September 20, 2010, a sentencing hearing was held.  Defendant acknowledged reviewing the

presence report ("PSR") with his attorney. (Sentencing hearing transcript, p. 3). There were no objections to the report. Defendant's counsel stated that she tried to work with the U.S. Attorney's Office to see if there was a way they could get below the 10-year mandatory minimum but there was no way to get under the mandatory term. (Sentencing hearing transcript, p. 4). After hearing from both parties, the Court sentenced defendant to 120 months imprisonment, a special assessment of $200, restitution of $59,094 payable to the National Parks Service, and supervised release for 60 months. (Sentencing hearing transcript, p. 8). The Court dismissed the remaining charges in the indictment. (Sentencing hearing transcript, p. 9-10).

### *Section 2255 Motion, Opposition, & Traverse*

On February 23, 2011, defendant filed a pro se section 2255 motion with this Court in which he alleged two grounds for relief. First, defendant argues that he received ineffective assistance of counsel when counsel failed to include in the plea agreement a downward departure for safety valve relief and that this rendered the plea waiver unknowing. (2255 Motion, p. 5). Second, defendant argues that he received ineffective assistance of counsel when his counsel failed to investigate facts related to Count Five of the indictment and that this rendered his plea involuntary. (2255 Motion, p. 6). Defendant requests habeas relief or an evidentiary hearing. (2255 Motion, p. 14).

On April 22, 2011, the government filed an opposition to defendant's section 2255 motion. The government argues that defendant's contention that he received ineffective assistance of counsel when counsel failed to pursue a downward "safety valve" departure, is essentially a challenge to defendant's sentence which is foreclosed by the appeal waiver. (2255 Opposition, p. 5). In the alternative, the government contends that defendant cannot prove prejudice because defendant does not qualify for safety valve relief. (2255 Opposition, p. 6).

On May 17, 2011, defendant filed a traverse to the government's opposition. Defendant contends that the waiver of his right to challenge his sentence in a section 2255 motion did not foreclose his ability to challenge counsel's failure to pursue safety valve relief. (2255 Traverse, p. 3). He also contends that he has shown that his counsel's failure to pursue safety valve relief prejudiced him because he satisfies the criteria set forth in 18 U.S.C. § 3553(f). (2255 Traverse, p. 4). Defendant also requests "a finding of waiver by the government" because the government was directed to respond to defendant's motion but

1   only responded to ground one of the motion.  (2255 Traverse, p. 7).  Thus, defendant contends, this Court

2   should accept his allegations in ground two as true and grant habeas relief.  (2255 Traverse, p. 8).

3   Defendant also reiterates his request for an evidentiary hearing.  (2255 Traverse, p. 9).

4   **DISCUSSION**

5   Defendant alleges that he received ineffective assistance of counsel based on two grounds.  First,

6   he contends that he received ineffective assistance of counsel when his counsel failed to include in the

7   plea agreement a downward departure for safety valve relief and that this "rendered [his] plea waiver

8   unknowingly made."  (2255 Motion, p. 5).  Second, he contends that he received ineffective assistance

9   of counsel when his counsel failed to investigate facts related to Count Five of the indictment and that

10  this rendered his plea involuntary.  (2255 Motion, p. 6).  Each ground will be discussed in turn.

11  ***Ineffective Assistance of Counsel Legal Standards***

12  When considering an ineffective assistance of counsel claim, a court must consider two factors.

13  *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1993); *Strickland v. Washington,* 466 U.S.

14  668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*,

15  513 U.S. 1001, 115 S.Ct. 513 (1995).  The first factor is whether the counsel's performance fell below

16  an objective standard of reasonableness considering all of the circumstances.  *Strickland,* 466 U.S. at 687-

17  688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S.

18  1039, 118 S.Ct. 1856 (1998).  A defendant must demonstrate that counsel's performance was deficient

19  and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth

20  Amendment.  *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.  A defendant must identify counsel's alleged

21  acts or omissions that were not the result of reasonable, professional judgment considering the

22  circumstances.  *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78

23  F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996).  There is a strong

24  presumption that counsel's performance fell within the wide range of professional assistance.

25  *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S.

26  at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990).

27  Judicial scrutiny of counsel's performance is highly deferential.  *Strickland*, 466 U.S. at 677-678; 104

28  S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

1   The second factor for court consideration is whether the petitioner has affirmatively proven

2   prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs

3   when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

4   proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable

5   probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S.

6   at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have

7   been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A

8   court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because

9   of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*,

10  78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be

11  granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because

12  the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct.

13  at 842. Thus, if a court finds that counsel's performance fell below an objective standard of

14  reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have

15  been different, the court must determine despite the errors and prejudice, whether the proceeding was

16  fundamentally fair and reliable.

17  A court need not determine whether counsel's performance was deficient before examining the

18  prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697.

19  Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily

20  fail.

21  A defendant is limited to attacking the voluntary and intelligent nature of the plea itself. *United*

22  *States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997) (quoting *Tollett*, 411 U.S. at 267, 93 S.Ct. 1602)."[I]n

23  order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability

24  that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

25  *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). When a defendant enters a guilty plea on the

26  advice of counsel, the voluntariness of the plea depends on whether a counsel's advice was deficient. *Hill*,

27  474 U.S. at 56, 106 S.Ct. 366.

28

1

*Ground One: Failure to Request Safety Valve Relief*

2          In ground one of defendant's motion, it appears that he argues that the waiver of his right to file

3  a collateral attack was unknowing because counsel failed to pursue a downward departure for safety valve

4  relief when negotiating the plea agreement.[1]  (2255 Motion, p. 5).  In order to show prejudice, defendant

5  would have to show that "there is a reasonable probability that, but for counsel's errors, he would not have

6  pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.  Defendant chose to plead

7  guilty knowing that he faced a mandatory minimum of 10-years imprisonment.  (Plea hearing transcript,

8  p. 9); *see also* 21 U.S.C. § 841(b)(1)(A).  It is illogical to conclude that defendant would not have pled

9  guilty and would have insisted on going to trial if counsel had requested safety valve relief because

10  application of the safety valve would have resulted in a lower sentence.  *See* U.S.S.G. § 5C1.2 ("the court

11  shall impose a sentence in accordance with the applicable guidelines without regard to any statutory

12  minimum sentence, if the court finds that the defendant meets [certain] criteria").  Accordingly, defendant

13  is unable to show prejudice.  *See Hill*, 474 U.S. at 59.

14          In addition, counsel's failure to request safety valve relief did not constitute performance so

15  deficient that it fell below an objective standard of reasonableness, *see Strickland,* 466 U.S. at 687-688,

16  because defendant does not qualify for safety valve relief.

17          Under U.S.S.G. § 5C1.2(a) the Court is permitted to impose a sentence below the statutory

18  mandatory minimum, if the Court finds that the defendant satisfies five criteria:

19          1.          Defendant does not have more than 1 criminal history point;

20          2.          Defendant did not use violence or credible threats of violence or possess a firearm in

21                      connection with the offense;

22          3.          The offense did not result in death or serious bodily injury to any person;

23          4.          Defendant was not an organizer or leader; and

24          5.          Defendant has truthfully provided the government all information and evidence the

25                      defendant has concerning the offense.

26  ───────────

27          [1] Specifically, defendant contends that "counsel rendered ineffective assistance during plea phase
    by failing to include in the plea agreement a downward departure of 'safety valve' rendered plea waiver
28  unknowingly made."  (2255 Motion, p. 5).

7

1    Defendant does not qualify for safety valve relief because he does not satisfy the second criterion,

2    *i.e.*, he possessed a firearm in connection with the offense.  "To qualify for safety valve relief under

3    U.S.S.G. § 5C1.2, the burden is . . . on the defendant to prove, but only by a preponderance of the

4    evidence, that he did not possess a firearm in connection with the offense."  *United States v. Ferryman*,

5    444 F.3d 1183, 1186 (9th Cir. 2006).  "The circumstances in which the firearms were found, coupled with

6    the implausibility of the defendants' explanations may serve as grounds for concluding that firearms were

7    possessed in connection with the offense of conviction."  *United States v. Fernandez*, 526 F.3d 1247,

8    1252 (9th Cir. 2008) (internal quotation marks and citations omitted).  The Ninth Circuit has upheld the

9    denial of safety valve relief based on possession of a firearm in connection with the offense where eleven

10   firearms were found in a home that contained a marijuana growing operation and defendant's explanation

11   for the presence of the firearms was to protect his family.  *See Ferryman*, 444 F.3d at 1186-87.  The Ninth

12   Circuit has also upheld the denial of safety valve relief where two rifles, two protective vests, and a

13   revolver were found in the home of a narcotics broker and defendant's explanation for the presence of

14   the firearms was to protect his family.  *See Fernandez*, 526 F.3d at 1252-53.

15   Here, defendant was found in a marijuana garden containing more than 2,000 plants in a remote

16   area of Sequoia National Park.  The unobjected to PSR provides that during a search of defendant,

17   Rangers located nine rounds of .22 caliber rifle ammunition.  (PSR, p. 4 ¶ 8).  Defendant admitted that

18   he hid a rifle a short distance away and that Rangers recovered a loaded .22 caliber rifle approximately

19   30 feet from where defendant was detained.  (PSR, p. 4 ¶ 8).  Later, defendant admitted that he was

20   provided with the rifle and that "the rifle was to protect the garden."  (PSR, p. 5 ¶ 11).  Defendant also

21   told the Rangers that he used the rifle to shoot birds for food.  (PSR, p. 5 ¶ 12).  In defendant's section

22   2255 motion, he contends that he did not possess the rifle in connection with the offense rather, he was

23   instructed to oil the rifle as part of his job duties in the garden.  (2255 Motion, p. 7).

24   The fact that the marijuana garden contained more than 2,000 plants coupled with the fact that

25   defendant had ammunition on his person and admitted that "the rifle was to protect the garden" shows

26   that he possessed the rifle in connection with the offense.  Moreover, defendant's explanation that he was

27   instructed to oil the rifle as part of his job duties does not show, even by a mere preponderance of the

28   evidence, that he did not possess the firearm in connection with the offense.

1    Accordingly, this Court denies defendant section 2255 relief with regard to ground one.

2    ***Ground Two: Failure to Investigate Facts***

3    In ground two, defendant contends that he received ineffective assistance of counsel when his

4    counsel failed to investigate facts related to Count Five of the indictment and that this rendered his plea

5    involuntary.[2] (2255 Motion, p. 6).  Defendant alleges that counsel advised him to plead guilty to Count

6    Five without investigating whether he actually possessed the rifle.  (2255 Motion, p. 7).  He also alleges

7    that counsel "adopted a per se approach that she would never advise a client to proceed to trial based on

8    a proper investigation to the facts of the case and the discovered materials supplied by the government."

9    (2255 Motion, p. 7).  Defendant further alleges that he suffered prejudice as the result of counsel's advice

10   because if he would have proceeded to trial on Count Five, there is a reasonable probability that he would

11   have been acquitted.  (2255 Motion, p. 7).

12   Counsel's performance did not fall below an objective standard of reasonableness because the

13   record shows that counsel was aware of the facts related to Count Five of the indictment and properly

14   advised defendant accordingly.  Count Five of the indictment charged defendant with being an illegal

15   alien in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  At

16   the sentencing hearing, counsel acknowledged reviewing the PSR. (Sentencing hearing transcript, p. 1-2,

17   3).  The PSR provides that defendant admitted to being in the United States illegally, (PSR, p. 5 ¶ 12),

18   and was found in a marijuana garden.  He had nine rounds of .22 caliber rifle ammunition on his person,

19   he admitted he hid a rifle a short distance away from where he was found, and Rangers recovered a loaded

20   .22 caliber rifle approximately 30 feet from where defendant was detained.  (PSR, p. 4 ¶ 8).  The PSR

21   further provides that defendant later admitted that "the rifle was to protect the garden." (PSR, p. 5 ¶ 11).

22   Accordingly, counsel was aware of these facts when she advised defendant to plead guilty.

23   Counsel's decision to advise defendant to plead guilty was an objectively reasonable advisement

24   because these facts are sufficient to sustain a conviction under 18 U.S.C. § 922(g)(5)(A) ("section

25   922(g)(5)(A)").  In order to sustain a conviction under section 922(g)(5)(A) the government must show:

26   _____

27   [2] Specifically, defendant contends that he was "denied effective assistance of counsel during plea
process on Count Five as a result of counsel's failure to investigate facts of case prior to guilty plea

28   rendered plea involuntary." (2255 Motion, p. 6).

1  (1) that defendant was unlawfully in the United States; (2) that defendant was in knowing possession of

2  a firearm or ammunition; and (3) that the firearm or ammunition was in or affecting interstate commerce.

3  *See United States v. Anaya-Acosta*, 629 F.3d 1091, 1093 (9th Cir. 2011); *see also United States v. Nevils*,

4  598 F.3d 1158, 1163 (9th Cir. 2010). Defendant admitted to the Rangers that he was in the United States

5  illegally (PSR, p. 5 ¶ 12), defendant admitted that he possessed the rifle while in the marijuana garden

6  and that the rifle was to protect the garden (PSR, p. 5 ¶ 11, 12), and the firearm was manufactured outside

7  of California and therefore affected interstate commerce (Plea agreement, p. 8). Accordingly, counsel's

8  advisement was not objectively unreasonable.

9       This Court rejects defendant's allegation that counsel "adopted a per se approach that she would

10 never advise a client to proceed to trial based on a proper investigation to the facts of the case and the

11 discovered materials supplied by the government." (2255 Motion, p. 7). Defendant has failed to provide

12 any support for this allegation. In addition, with regard to the facts of this case, it is clear that counsel

13 was fully apprised of the facts and advised defendant accordingly.

14       Defendant further alleges that he suffered prejudice as the result of counsel's advice because if

15 he would have proceeded to trial on Count Five there is a reasonable probability that he would have been

16 acquitted. (2255 Motion, p. 7). As discussed above, the facts of this case clearly support a conviction

17 for being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A).

18 Accordingly, defendant has failed to show that "there is a reasonable probability that, but for counsel's

19 unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at

20 694, 104 S.Ct. at 2066.

21       In defendant's traverse, he requests "a finding of waiver by the government" because the

22 government was directed to respond to defendant's motion but only responded to ground one. (2255

23 Traverse, p. 7). Defendant contends that this Court should accept his allegations in ground two as true

24 and grant habeas relief. (2255 Traverse, p. 8). As defendant points out, "the [government's] failure to

25 respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default

26 judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Thus, this Court declines defendant's

27 request to accept defendant's allegations in ground two as true.

28       For the reasons discussed above, this Court denies defendant section 2255 relief with regard to

1  ground two.

2  ***Certificate of Appealability***

3         28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings

4  unless a circuit justice or judge issues a certificate of appealability ("COA").  A COA may issue "only

5  if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

6  §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996).  A COA issues when

7  defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could

8  resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement

9  to proceed further."  *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4

10  (1983).  In the absence of a COA, no appeal in a section 2255 proceeding may be heard.  28 U.S.C. §

11  2253(c).

12         This Court has reviewed the record of this case and finds no jurist of reason could debate the

13  correctness to deny defendant collateral relief.  *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-

14  3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993).  On the merits of this case, reasonable

15  jurists would not debate the constitutionality of defendant's conviction.  A certificate of appealability

16  is improper.

17  **CONCLUSION AND ORDER**

18         For the reasons discussed above, this Court DENIES defendant section 2255 relief and a COA

19  and DENIES defendant's request for an evidentiary hearing.  The clerk is directed to close Case No.

20  CV-F-11-0321-LJO.

21

22

23

24

25         IT IS SO ORDERED.

26  **Dated:    October 19, 2011**              **/s/ Lawrence J. O'Neill**
                                UNITED STATES DISTRICT JUDGE

27

28