# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GILBERTO ONTIVEROS-VALENCIA,<br><br>Defendant. | CASE NO. 1:09-CR-000216-(1)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(Doc. 54) |

Before the Court is Defendant Gilberto Ontiveros-Valencia's *pro se* motion to reduce his sentence (Doc. 54). Despite filing the motion under 28 U.S.C. § 2255, Defendant requested that the Court construe the motion under the appropriate statute to provide authority for his request. *See id.* Therefore, the Court construed the motion under U.S.S.G. §1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* Doc. 55. The Federal Defender's Office filed a notice declining to supplement the motion. *See* Doc. 57. The Government opposes the motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 59. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I. BACKGROUND

Subsequent to a nine-count Indictment (Doc. 6), Defendant Ontiveros-Valencia pleaded guilty to Counts One and Five, violations of: 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Marijuana (Count One) and 18 U.S.C. §§ 922(g) and 924(a)(2) Illegal Alien in Possession of a Firearm and Ammunition (Count Five). *See* Doc. 6; *see* Plea Agreement, Doc. 33; *see* PSR ¶¶ 1, 2, 20.

Pursuant to §2D1.1(a)(5)(iii), the Court found that the Defendant's base offense level was 26 (based on the amount of marijuana involved in the case), *see* PSR at ¶ 22, and his criminal history was category I (based on 0criminal history points). *See id.* at ¶ 31. The PSR recommended a two-level increase for the possession of firearms, to an adjusted offense level of 28. *See id.* at ¶ 23-25. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 25. *See id.* at ¶ 27 & 28. The Guidelines range for a defendant with an offense level of 25 and a criminal history category I was 57-71 months, *see* U.S.S.G. Ch. 5, Pt. A, but pursuant to U.S.S.G. § 5G1.1(a), the guideline range for count one (21 U.S.C. 846, 846(a)(1) and (b)(1)(A)) was a mandatory minimum 120-month term.[2] Therefore, the PSR recommended imposing a sentence of 120 months. *See* PSR at 2a & 18.

Adopting the PSR without change, the Court on September 20, 2010 imposed a mandatory minimum 120-month sentence for Count One as well as a 120-month sentence on Count Five, to be served concurrently; 60 months supervised release, $59,094.00 in restitution, and a $200 special assessment. *See* Docs. 36 & 37.

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. *See* 18 U.S.C. § 3582(c)(2); *see also United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court

---

[2] As the Defendant pleaded guilty to multiple counts, these are grouped together pursuant to the rules of U.S.S.G. 3D1.2, thus, as provided by U.S.S.G. 3D1.3(a) and 3D1.2(a)-(c), the highest offense level of the counts in the group is to be used. *See* PSR at ¶ 18. Here, the highest offense level is Count One. *See id.* at ¶ 21.

2

may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *see also United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors[3] and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

## III.   DISCUSSION

Defendant Ontiveros-Valencia requests a reduction in his sentence under Amendment 782, enumerated in § 1B1.10(d). *See* Doc. 54. He requests to be resentenced "with the new guidelines 'Drug Minus-2' under the Amendment version of the sentencing guidelines 2D1.1[,] and in the

---

[3] The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

3

event that this court finds no jurisdiction to do so pursuant to §2255, with all due respect … request[s] this court to construe this motion under ANY statute permitting to grant the relief requested [sic]." Doc. 54 at 5 (original emphasis).

The initial inquiry of whether a defendant is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Indeed, § 3582 permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

Generally, when reviewing a §3582 motion the Court compares the original sentence imposed under the original guideline range to that which the defendant would receive under the amended guideline range. If, however, a defendant was sentenced pursuant to a statutory mandatory minimum term of imprisonment, he is not eligible for a sentence reduction under § 3582(c). *See, e.g., United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009).

Here, it is undisputed that the Court imposed a sentence under a statutory mandatory minimum guideline. *See* Docs. 36 & 37; PSR ¶¶ 6, 33-34. Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, § 1B1.10 (a)(2)(B) militates finding that no reduction of sentence may occur. *See, e.g., United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Therefore, the Court does not have the authority to modify Defendant's sentence. *See Dillon*, 560 U.S. at 825-26. Accordingly, the Court concludes that the answer at step one is that Defendant is not eligible for a sentence reduction. *See* Amendment 782, § 1B1.10; *see Paulk*, 569 F.3d at 1096.

To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step-one is that a defendant is ineligible, the court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

4

## IV. CONCLUSION AND ORDER

The Court concludes that Defendant has no basis for seeking a reduction, thus his motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gilberto Ontiveros-Valencia's motion to reduce his sentence (Doc. 54) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **March 29, 2016**            /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE